## The First Methodist Episcopal Church of Chicago, and the Trustees thereof, Appellants, *v.* The City of Chicago, Appellee.

### APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A part of a building erected as a church, which is rented for other than religious purposes, is taxable, notwithstanding the rents are to be applied, after payment of a mortgage, to provide other places of worship.

The intent of the law exempting buildings from taxation which are erected for religious worship is, that such buildings shall be used for sacred and not for secular purposes.

The part of a building used exclusively for religious purposes may be exempt from taxation, and the part not so used may be taxed.

At the February term, eighteen hundred and sixty-one, of the Superior Court, the said City of Chicago being plaintiff, The First Methodist·Episcopal Church of Chicago and the trustees thereof, by Samuel K. Dow and Melville W. Fuller, their attorneys, filed their objections to the entry of a judgment for taxes against the property and improvements of the said church on lot four, block fifty-seven, original town of Chicago, described in the warrant for general and special purposes, assessed for the year 1860, and the court, after hearing the said objections, argument of counsel, and being fully advised in the matter, overruled the said objections, and ordered that the assessment for taxes against said lot be affirmed, and that judgment be entered against the aforesaid lot four, block fifty-seven, original town of Chicago, upon which taxes have been paid as described in the said collector's report, in the name of the City of Chicago, plaintiff, for the sum annexed to the said lot, being the amount of taxes, and also for costs thereon. And that the said lot four, block fifty-seven, or so much thereof as shall be deemed sufficient of the same to satisfy the amount of taxes and costs annexed thereto, be sold as the law directs.

The objections to the rendition of judgment were:

1st. Because the property in question is exempt from taxation.

2nd. Because said property is holden under and by virtue of the provisions of a certain act passed by the General Assembly

of the State of Illinois, to wit, an act entitled "An act to change the name of the Methodist Episcopal Church in the town of Chicago, Cook county, Illinois, and for other purposes," approved February 14, 1857, and is governed by said statutes, and under the laws of the said State of Illinois in relation to revenue and taxation, and the charter and ordinances of said City of Chicago in relation to taxes, is exempt from taxation.

3rd.  Because said property is devoted exclusively to public worship, and is not leased or otherwise used with a view of profit, and is therefore by law exempt.

4th.  Because the property in question is real estate, and the building is used exclusively for public worship, and the ground attached to said building is only what is necessary for the proper occupancy, use and enjoyment of said building, and is not leased or otherwise used with a view to profit.

5th.  Because the building on said lot was erected for public worship, and said lot does not exceed ten acres.

6th.  Because said property consists in a building erected for the use of a religious institution, and the land whereon said building is situate, which said land does not exceed ten acres.

7th.  Because said "First Methodist Episcopal Church of Chicago," under the before enumerated acts, is a "religious institution" in their intent and meaning of those acts, and all statutes of this State, and the parts of the charter and ordinances of said city using that term, and the property in question consists in a building erected for the use of said First Methodist Episcopal Church of Chicago, so being such "religious institution" as aforesaid, and the land whereon the same is situated, which does not exceed ten acres, and the personal property belonging to said institution and connected with and set apart for the use thereof.

8th.  Because the said First Methodist Episcopal Church of Chicago, as organized and in operation under the act of 1857 aforesaid, is an institution of purely public charity, and as such the said property is exempt from taxation.

It was agreed and admitted by the parties, that the said First Methodist Episcopal Church of Chicago, is an incorporated religious body, under the general incorporation law, having a board of trustees, with president, secretary and treasurer thereof, and is located at Chicago. That on the 14th day of February, 1857, there was passed and approved, an act of the legislature, entitled "An act to change the name of the Methodist Episcopal Church of Chicago, and for other purposes," which said church was the same now party hereto, which said act of February 14th, 1857, was offered by said church in evidence, and received without objection, and is as follows:

First Methodist Episcopal Church, etc., *v.* City of Chicago.

An Act to change the name of the Methodist Episcopal Church, of Chicago, Cook county, and for other purposes.

SECTION 1.   Be it enacted by the people of the State of Illinois, represented in the General Assembly, that the name of that religious society, incorporated on the 20th of November, A. D. eighteen hundred and thirty-five, under the provisions of "An act entitled an act concerning religious societies," approved on the 5th day of February, A. D. eighteen hundred and thirty-five, by the name of the "Methodist Episcopal Church, in the town of Chicago, Cook county, Illinois," be and is hereby changed to, and shall hereafter be known as the "First Methodist Episcopal Church of Chicago," and in and by such name shall have and exercise all the powers conferred on such corporations, organized under the "third division of the twenty-fifth chapter" of the Revised Statutes, and the present trustees of said corporation first above mentioned, shall be and are hereby constituted trustees of said "First Methodist Episcopal Church of Chicago," until their successors are elected, in pursuance of said "third division" of said chapter of the Revised Statutes, and said trustees of said last named corporation, and their successors, shall hold and possess in fee, all the property, real and personal, donated to, and held, and belonging to said corporation first above named.

SECTION 2.   Said "First Methodist Episcopal Church of Chicago," shall have power to convey said property in fee by deed or mortgage, in security for money loaned or to be loaned thereon, for the erection on such real property of a place of worship, or such other improvements as may be desired.   But after the erection of such place of worship, or improvements, if any surplus remain, the same, and any rents which may accrue from said property, shall first be apportioned for the payment of such loan, and extinguishment of such mortgage; and any remainder to the purchase of a lot or lots in said city of Chicago, and the erection of a place or places of worship, to be under the control of the Methodist Episcopal Church, and for no other purpose whatever.

In pursuance of said act of 1857, the trustees borrowed money upon and to erect a church building on the north 130 feet of the said lot at the south-east corner of Clark and Washington streets.   The church owned the said portion of said lot prior to and at the time of passage of the act of 1857, and occupied said portion of said lot exclusively with a church edifice thereon, exclusively used for public worship.   The old edifice was taken down, and the present one, in pursuance of said act of 1857, and with the loan raised thereunder, erected in its stead.   It consists of four stories and a basement.   At

First Methodist Episcopal Church, etc., *v.* City of Chicago.

the time of the assessment of the taxes claimed since and still, the first story is divided into many rooms or apartments, occupied and used for stores, banking offices, etc., leased and rented to various parties. That the second story is divided into a number of apartments which are used for law and doctors' offices, and other business purposes, and rented out. That the main body of the third and fourth stories is one large room of the height of both stories, fitted up and exclusively used for religious purposes of said church, and there are also other rooms on the same third and fourth floor, used for church purposes. The basement of said building, with stairways from the street thereto, is used for business purposes, and rented out, and for water closets. That all the leased portions of the building yield a rent and income to be and which is exclusively applied in accordance with the act of 1857. That as yet the rents have only been sufficient to pay the interest upon the loan made under said act. Said rents are not used for the support of the pastor of the church, or for any purposes other than as aforesaid. No compensation is received by or paid to the officers of the church for any business connected with the church, done by them, or connected with the building aforesaid, but their services of every kind are entirely gratuitous, and which said services include the renting of said building, making out the leases, collecting the rents, etc., all of which are rendered gratuitously.

The assessors of the taxes for the year 1859, made and described their assessment on said property, as follows:

*List of Taxable Real Estate in original town of Chicago, South Division, assessed for the year 1859.*

| OWNERS' NAME. | PART OF LOT OR LAND. | LOT. | BLOCK. | VALU'N. Dollars. | School Tax, 2m. City Tax, 3m. Park Tax, 1m. | Lamp Tax, 2 mills. Dollars. | Total Tax. Dollars. |
|---|---|---|---|---|---|---|---|
| Methodist Church, | N. 130 ft. improvement same, | 4, | 57 | 15,000 | 195.00 | 30.00 | 225.00 |

At the February term, 1860, of the Superior Court of Chicago, said court refused a judgment against said property when applied for by the city, on the general tax warrant, of which above is an extract, for taxes of year 1859. The church then filed objections against the rendering of judgment against said property, and the court sustained said objection.

The assessors of taxes for 1860, assessed and described the property, and also for uncollected tax of the prior year, as herein as follows:

First Methodist Episcopal Church, etc., *v.* City of Chicago.

*List of Taxable Real Estate in original town of Chicago, South Division, assessed for the year 1860.*

| OWNERS' NAME. | PART OF LOT OR LAND. | LOT. | BLOCK. | VALU'N. Dollars. | School Tax, 2m. City Tax, 3½m. | Lamp Tax. Dolls. | TOTAL TAX. Dolls. | WHEN PAID. |
|---|---|---|---|---|---|---|---|---|
| Boon & Larmon, | S. 50 feet, | 4 | 57 | 9,000 | 81.00 | 18.00 | 99.00 | Dec. 13. |
| Methodist Church, | That part of improvements on the North 130 ft. of lot, being that part of building, of first two stories above the basement story thereof, except the right of way through the same to the Church above. | 4 | 57 | 15,000 | 135.00 | 30.00 | 165.00 | |
| Methodist Church, | Tax of last year not collected on the above at the same valuation. | 4 | 57 | 15,000 | | | 225.00 | |
| James Larmon, | N. 100 feet, | 5 | 57 | 12,500 | 112.50 | 25.00 | 137.00 | Dec. 25. |

And it was agreed, that said foregoing sheet is a fac simile of a leaf of the general tax warrant, on which judgment was claimed, and was sufficient for the purposes of this suit, without the production of the general warrant itself, and is to be taken as part of evidence in the case.

And it was admitted that the following is and was before said assessments, one of the ordinances of the city of Chicago duly published and in force: "Any real or personal estate which shall be omitted in the assessment of any year or years, shall, when discovered by the assessor, be noted in the roll, and shall be assessed with the arrearages of taxes and interest thereon at six per cent. from the time it should have been paid."

And it was admitted, without objection upon the trial, that the following is and was before the said assessment, one of the ordinances of the city of Chicago, duly published and in force: "The following real and personal estate within the city, shall be exempt from assessment and taxation. * * * * * * * 5. Buildings erected for religious worship, and the pews and furniture within the same, and the lands whereon situate, not exceeding ten acres. * * * * * 7. Buildings erected for the use of any literary, religious, benevolent, charitable or scientific institution, and the land whereon situated, not exceeding ten acres. Also, the personal property belonging to any such institution, or connected with or set apart for the use thereof. If any real estate exempt hereby shall be entered in the roll, it shall be the duty of the assessor to make opposite thereto in the proper line, 'exempt from taxation,' and any tax which shall be assessed or levied upon any such property shall be void."

S. K. Dow, and M. W. Fuller, for Appellants.

T. L. King, for Appellee.

Caton, C. J.  We entertain no doubt that this judgment should be affirmed.  We cannot perceive the nice distinction presented by the counsel of the plaintiff in error between this case and those which have been referred to, as decided in other States upon this question.  They say, because the law requires them to apply the rents and profits received for the use of this building, first, to pay the mortgage upon the premises, and then to provide other places of worship in Chicago, it is therefore devoted to religious uses. This, they say, is not appropriating the building to a pecuniary profit, but exclusively to religious purposes.  The same might be said of a manufacturing establishment, the proceeds of which were devoted to the same object.  This building is rented for a profit.  The money derived from it is money to the members of the society, inasmuch as it relieves them to that extent, of the obligation which they are under to pay off this mortgage.  If they are not individually bound by the municipal law, to raise money to pay this mortgage and provide other places of worship for the destitute, to the extent of their ability, it is sincerely to be hoped that they feel the pressure of a law of no less binding force upon their consciences to do so, and we hope and believe, that no one of this society would rebel against the quickening influences of this law of their religion.  This revenue, then, is in fact and in truth, so much profit to this society and even to its members, as by it they are pecuniarily relieved to that extent. This is the law :  " *Fourth.*  Every building erected for religious worship, the pews and furniture within the same, and the land whereon such building is situated, not exceeding ten acres ; also every burial ground, etc., *provided* such personal or real property shall not be exempt from taxation longer than the same is used. *Fifth.*  Every building erected for the use of any literary, religious, benevolent, charitable, or scientific institution, and the tract of land on which the same is situated, not exceeding ten acres ; also, the personal property belonging to any such institution, and connected with and set apart for the use thereof." The meaning of this law is, as applied to religious buildings and furniture, that they must be used directly for sacred and not for secular purposes.  It is not enough that the profits or income of the secular uses are to be applied to sacred purposes.  When money is made by the use of the building, that is profit, no matter to what purpose that money is applied.  But it is objected that if any portion of the building is subject to taxation, then

the whole is, and hence the court erred in exempting that portion which is exclusively devoted to religious purposes. It does not lie in the mouth of the church to raise this objection, which is to her advantage. She must not complain of that which is for her benefit. But if we could listen to this complaint, we do not think it well founded. There is no more difficulty in recognizing the different parts of a building for valuation and taxation, than there is for use. The Tuilleries of Paris, though but one building of great extent, no doubt is devoted to various purposes. There is the royal residence, and there too are the royal stables; there reside the ministers of state, and there are their offices. So is it an arsenal, and in it are quartered forty thousand troops, and these are but a portion of its uses. Is it not practicable to value one portion of a building and tax that portion, and not the balance? We are unable to appreciate any difficulty in this, nor are we advised that practically there has been any in this case.

The judgment must be affirmed.　　　　*Judgment affirmed.*