(No. 13536.—Decision set aside.)

*In re* Petition of Robert Allerton *et al.* for exemption of certain lands from taxation.

*Opinion filed February 15, 1921.*

1. TAXES—*exemption law must be strictly construed.* A law exempting property from taxation must be strictly construed, and it devolves upon those claiming that specific property is exempt to clearly show that it is within the contemplation of the law.

2. SAME—*to be exempt as a charity, property must be actually in use for charitable purposes.* The constitution contemplates, and the statute provides, that only property actually and exclusively used for charitable purposes shall be exempt from taxation, and a trust fund or real estate held by trustees for charitable purposes, not actually and exclusively in use for charitable purposes but only held for such use in the future, is not exempt from taxation under the provisions of the statute.

3. SAME—*when real property is not exempt for agricultural purposes.* Real property deeded to trustees for agricultural purposes and to be managed by the county farm adviser as a model and experimental farm to demonstrate the most approved methods of farming is not exempt from taxation under section 2 of the Revenue act, where the proof does not show that the land was held and used for such purpose at the time it was assessed, although it is proved it is not to be used for pecuniary profit.

CERTIFICATE by State tax commission to review decision of board of review of Piatt county.

A. C. EDIE, for petitioners.

EDWARD J. BRUNDAGE, Attorney General, (CLARENCE N. BOORD, of counsel,) for the State tax commission.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

This is an application by the tax commission of Illinois for an order setting aside and annulling a decision of the board of review of Piatt county exempting about 1050 acres of land in said county from taxation on the petition of Robert Allerton, William Dighton, W. F. Lodge, Eliz-

abeth Phalen and A. E. Burwash, (the latter being farm adviser of the Piatt county farm bureau,) trustees and grantees under a certain trust deed dated November 21, 1919, executed by Robert Allerton, conveying said land. The board of review filed a copy of the petition presented to it, together with the transcript of the statement of facts considered by it, and also of its order. The tax commission refused to confirm the order of the board of review and has applied to this court for an order setting the same aside.

The only evidence or facts before the board of review were those contained in the petition, which was verified by affidavit, and the trust deed, which was made an exhibit and a part of the petition. The petition avers the delivery of the trust deed to the trustees in trust for the purposes and upon the terms and conditions therein set forth; that the trustees are in the possession of the land therein described and have had such possession since November 21, 1919; that the land is assessed in the name of Robert Allerton and taxes extended for the year 1920; that under the terms of the deed the real estate is to be used for the purpose of creating and maintaining in said county an old people's home, a county tuberculosis sanitarium and a model and experimental farm; that the entire net income derived from the use of the real estate is to be applied to the maintenance of the old people's home; that no private person will obtain any pecuniary gain or profit from the use of said premises, and that the real estate and all income from the same will be used for charitable and public purposes.

In the preamble of the deed it is recited that it is the desire of the grantor to create a memorial to his father, Samuel W. Allerton, to be known as the Samuel W. Allerton Farm Memorial, and a memorial to his friend John Phalen, to be known as the John Phalen Old People's Home Memorial. The deed declares that the grantor and the four grantees named in the deed as trustees, and their successors as trustees, do and shall own and hold the real estate in

trust for the purposes and upon the terms and conditions therein set forth, and conveys an undivided four-fifths of the land, reserving to himself an undivided one-fifth. It provides for the selection of trustees as successors upon the death, resignation, refusal or inability of any of the trustees to act. It declares that it is the intention of the grantor, as soon as in his judgment the same may be properly done, to erect on a certain named site of the land a suitable building to be used as an old people's home, and there shall be reserved and used about such home, for necessary grounds and gardens, such quantity of land as the trustees shall determine upon, and that all of the remainder of said land, except so much as may be hereafter conveyed for a hospital as in the deed provided, shall be run as a model and experimental farm in demonstration of the most approved methods of farming, the same to be managed by the county agricultural or farm adviser of the Piatt county farm bureau or such other person as the trustees may name, subject to the direction and control of the trustees. It further directs that the net income from the land shall be deposited or invested by the trustees in such securities as they may deem wise, and such fund be permitted to accumulate as a fund for the proper working and managing of the farm, and when the trustees shall deem a sufficient fund has been accumulated for such purposes, then the net income, after payment of all expenses connected with the management and running of the farm, shall be used for the up-keep and maintenance of the old people's home. The fourth clause declares that after the completion of the buildings for the home and after the accumulation of sufficient funds as aforesaid and the opening of the home for use, there will be received and kept at such home such old people of either sex, residents of said county, as the board may decide to receive and accept as residents. The conditions for admission of such persons as residents are, that those admitted shall pay to said

trustees, for such use as they may see fit in connection with the running of the home, a sum of money, not to exceed $500, to be determined upon by the trustees, and anyone paying such sum may be admitted to the home and entitled to remain as a resident therein for his or her life. The trustees are vested with the same power and authority as are commonly vested in boards of directors of corporations of Illinois, and they may make such rules, regulations and by-laws to govern and regulate the management and control of the farm and the home as they may deem advisable, and alter the same from time to time as they see fit, and elect officers, etc. The fifth clause declares that it has been the grantor's desire to give to Piatt county the necessary land for a site for the establishment and maintenance of a county tuberculosis sanitarium, and that the deed is subject to the provisions that there shall be conveyed by the trustees to said county, or to such organization or corporation, for hospital purposes, as they shall decide upon, whenever the county or such organization or corporation is ready, in the judgment of the trustees, to receive the same, and erect the necessary buildings for such sanitarium or hospital thereon. The deed specifies the land upon which the trustees may locate such sanitarium, and then provides that the income arising from said land so to be conveyed is to be used by the trustees for the purposes first mentioned in the deed until such conveyance is made.

There is no averment in the petition that any part of the real estate in question is being actually and exclusively used as an old people's home. The clear indications from the petition and from the trust deed are that no part of the land was being actually and exclusively used either for an old people's home or for agricultural purposes, as a model and experimental farm in demonstration of the most approved methods of farming, at the time it was assessed. The most that can be said from the record is that the land is to be or will be used at some time in the future for

such purposes. The deed is made subject to an expressed wish of the grantor at some time to deed a part of the land described in the deed to the county or some organization or corporation for the establishment and maintenance of a county tuberculosis sanitarium or for hospital purposes. In case such deed is made, the land so deeded will not then be any longer a part of the land to be managed by the trustees. The sanitarium or hospital is to be built and established by the county or some organization or corporation, and not until, in the judgment of the trustees, such county, organization or corporation is ready to receive the gift and to erect the necessary buildings. There is no showing in this record that there is even an intention on the part of any of such organizations to accept the gift upon the terms proposed or to be proposed. So it is clear that there is not an old people's home or sanitarium or hospital on the land in question,—or at least there is no showing that any one of such institutions is in actual existence on the land.

By section 3 of article 9 of the constitution it is provided that such property as may be used exclusively for agricultural and horticultural societies and for charitable purposes may be exempted from taxation, but only by general law. Paragraph 7 of section 2 of the Revenue act (Hurd's Stat. 1917, p. 2421,) provides that "all property of institutions of public charity, all property of beneficent and charitable organizations, whether incorporated in this or any other State of the United States and all property of old people's homes when such property is actually and exclusively used for such charitable and beneficent purposes, and not leased or otherwise used with the view to profit," shall be exempt from taxation. The constitution does not, of itself, exempt any property in this State from taxation but simply provides what property may be exempted from taxation by general law. It is, however, a limitation upon the right of the legislature to legislate upon such question

of exemption. (*People* v. *Deutsche Gemeinde,* 249 Ill. 132.) The constitution contemplates, and the statute provides, that only property actually and exclusively used for charitable purposes shall be exempt from taxation. A law claimed to exempt property from taxation must be strictly construed, and it devolves upon those claiming that specific property is thus exempt to clearly show that it is within the contemplation of the law. (*People* v. *Wabash Railway Co.* 138 Ill. 85.) A trust fund possessed and held by trustees or real estate held for charitable purposes, not then actually and exclusively used for charitable purposes but only possessed and held for such use in the future, is not exempt from taxation under the provisions of the statute. (*Board of Directors* v. *Board of Review,* 248 Ill. 590.) The finding of the board of review in this case that the real estate "is to be used" for the various purposes is not a sufficient finding of fact to exempt such property from taxation, even if it be conceded that the actual and exclusive use of the property for the various purposes mentioned in the trust deed is sufficient to exempt it from taxation.

The tenth paragraph of section 2 of the Revenue act provides that all property which may be used exclusively by societies for agricultural purposes, and not for pecuniary profit, shall be exempt from taxation. The record shows that the real estate in this case is to be managed by the county agricultural or farm adviser of the Piatt county farm bureau as a model and experimental farm in demonstration of the most approved methods of farming, but it does not show that it was held and used for such purpose at the time it was assessed. The proof, therefore, does not show that the property is exempt from taxation, as found by the board of review, although it does further show that it is not to be used for pecuniary profit by any individual. It necessarily follows, then, that none of the real estate in question was exempt from taxation at the time the order of the board of review was entered.

Some question is raised by the Attorney General on behalf of the tax commission as to whether or not the property, or any part of it, would be exempt from taxation if it were actually and exclusively used for the purposes mentioned in the trust deed,—that is, for an old people's home or for a model farm,—at the time the petitioners' application for exemption was made. A solution of this question is not necessary to the decision of the case, and we prefer not to pass upon it until such time as the property may be actually and exclusively used for such purposes, under a full showing of the facts at such time and upon further briefs and arguments.

For the foregoing reasons the decision of the board of review is set aside and annulled. *Decision set aside.*