(No. 15110.—Judgment affirmed.)

THE PEOPLE *ex rel.* Patrick J. Carr, County Collector, Appellant, *vs.* THE SANITARY DISTRICT OF CHICAGO, Appellee.

*Opinion filed February 21, 1923.*

1. TAXES—*when a decree dismissing bill to enjoin collection of tax is not res judicata.* A decree dismissing, on demurrer, for want of equity, a bill to enjoin the collection of a tax on certain property of a sanitary district, although affirmed by the Supreme Court, is not conclusive of the question whether the property is exempt from a tax levied in a subsequent year, where there is a different use of the property and a different state of facts, as the former adjudication amounts only to a finding of the facts alleged in the bill.

2. SAME—*when incidental use for private purposes will not prevent exemption on the ground of public use.* If property is used primarily and substantially for public purposes an incidental or occasional use for private purposes will not deprive it of its public character nor preclude its exemption from taxation on that ground, but the mere fact that the use for public purposes is greater than the private use does not justify an exemption of the whole property where the part devoted to private use can be assessed separately.

3. SAME—*when objection to tax on property of sanitary district is properly sustained although part is devoted to private use.* Although a portion of a lot owned by a sanitary district is used for commercial purposes for profit, the court must deny judgment for taxes as to the entire lot where the greater portion is exempt because devoted to public purposes and where the lot is assessed and taxed as a whole, without any attempt to separate the private and public uses.

THOMPSON, C. J., dissenting.

APPEAL from the County Court of Cook county; the Hon. F. S. RIGHEIMER, Judge, presiding.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, W. W. DEARMOND, and ROY MASSENA, of counsel,) for appellant.

WILLIAM F. MULVIHILL, (MORTON S. CRESSY, ROBERT S. ILES, and A. M. McCONOUGHEY, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county collector of Cook county applied to the county court for judgment and order of sale of lot 6 of the Sanitary District Trustees' subdivision in Cook county, assessed to the Sanitary District of Chicago and delinquent for taxes of 1921. The sanitary district filed seven objections, and the seventh was that the property was owned and occupied by the sanitary district and used exclusively for public purposes. The only evidence offered was in support of that objection, which was sustained and judgment was refused.

On the trial the claim of the sanitary district was that the primary and substantial use of the lot was for public purposes, and that so far as a portion of it was used for private commercial purposes the use was merely nominal and incidental to the primary and substantial use and did not deprive the property of its character as being used exclusively for public purposes. It offered evidence that the lot was located within the limits of the sanitary district, on the bank of the main drainage channel at Thirty-first street and Western avenue, in Chicago; that it contained 2.67 acres; that the buildings, loading platform, warehouse, boats, engineers' quarters, garages, dock, shops and other fixtures and equipment used in the necessary maintenance

and operation of the district in carrying on its work of sanitation and drainage, occupied ninety-one per cent of the area of the lot and that nine per cent of such area was used as a transformer station for transforming electricity from a high to a low voltage; that of the electricity transformed, twenty-three per cent was used by the district for its own purposes in pumping sewerage and water and lighting stations and offices of the district; and seventy-seven per cent was supplied to municipalities for street lighting and operating pumping stations or to private corporations. The nine per cent of the lot was covered by a concrete building one story in height, about 125 by 71 feet in dimension, in which the transformer station was located. Through this transformer station the district sold to the city of Chicago current amounting to about $15,000 a month, to the park systems about $10,000 and to eleven other municipalities the current for their entire street lighting systems and for pumping water and some of them for sewerage. It also sold to about 150 corporations and private users of electric light and power. The collector offered no evidence except the bill filed by the sanitary district praying for an injunction against the collector from collecting or attempting to collect taxes assessed against the lot for the year 1920, to which bill a demurrer was sustained and the bill dismissed for want of equity. On appeal to this court the decree was affirmed. *Sanitary District of Chicago* v. *Carr,* 304 Ill. 120.

It is argued for the appellant that the question whether the use of lot 6 by the sanitary district is exclusively for public purposes was decided against the district by the affirmance by this court of the decree dismissing its bill for want of equity, and that the former adjudication of that fact is binding and conclusive between the parties that the property is not exempt on that ground. The bill was demurred to, and the question raised by the demurrer was whether the facts stated in the bill entitled the sanitary district to the relief prayed for. The allegations of the bill

were admitted to be true for the purposes of the demurrer, and from the facts so stated this court held that the primary use of lot 6 as a terminal station was of a private and commercial character not different from any other public utility, and the fact that there were incidental uses stated in the bill which were public in their nature would not change the character of the use. The judgment on demurrer was as conclusive as a judgment upon finding the facts alleged in the bill, but the dismissal of the bill, which showed no right to relief, was not an adjudication upon another and different state of facts. (*Emory* v. *Keighan,* 88 Ill. 516; *Farwell* v. *Great Western Telegraph Co.* 161 id. 522.) The exemption being dependent upon the use of property when it is assessed for taxation, the judgment of this court was not conclusive as to such use at a different time for another tax and on proof of a different state of facts.

In construing the statute exempting from taxation property used exclusively for public purposes it has been uniformly held that if the primary and substantial use is for public purposes, an incidental or occasional use for private purposes will not deprive the property of its character; but it would be an unwarranted application of that rule to hold that a use is merely incidental or nominal which is of a commercial character, extensive in its scope and nature and amounting to very large monthly sums. The mere fact that the use for public purposes is very much larger in proportion would not justify a decision that the use was exclusively for public purposes. Where a portion of a piece of property is used for double purposes, one of which would exempt the property and the other would not, there may be separate assessments by separating uses, as in the case of *First M. E. Church* v. *City of Chicago,* 26 Ill. 482, where the court held that the first story of the church building, occupied for stores, banking business and the like, and the second story, used for lawyers' and doctors' offices and other business purposes, were not exempt from taxation,

but the main body of the third and fourth stories, used for religious purposes, was exempt. There was a similar situation in *Presbyterian Theological Seminary* v. *People,* 101 Ill. 578. In this case there was no separation of the use of a distinct portion of the lot as a transforming station and the greater portion of the lot which was exempt from taxation. The lot was assessed and taxed as a whole, and the greater portion being exempt from taxation the court did not err in denying judgment.

The judgment is affirmed.

*Judgment affirmed.*

Mr. Chief Justice Thompson, dissenting.