# CASES

## ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

(No. 15722.—Reversed and remanded.)
THE PEOPLE *ex rel.* Ira E. Pearsall, County Collector, Appellee, *vs.* THE CATHOLIC BISHOP OF CHICAGO, Appellant.

*Opinion filed February 19, 1924.*

1. TAXES—*religious school for education of priests is exempt under the Revenue act.* A Catholic seminary for the training of young men for the priesthood is such an institution of learning or school as is exempt from taxation under clause 2 of section 2 of the Revenue act.

2. SAME—*amount of ground that may be exempt as devoted to school or religious purposes is not limited.* There is no limitation, either in the constitution, the statutes or amendments thereto, as to the amount or extent of ground that may be exempt from taxation if the premises are used exclusively for school or religious purposes and not for profit.

3. SAME—*use of property for either school or religious purposes must be exclusive.* The only constitutional limitation on the power of the legislature to exempt property used for either school or religious purposes is that such use shall be exclusive.

4. SAME—*the primary use of property determines its exemption from taxation.* In ascertaining whether property is exempt under a constitutional or statutory provision the use of the property chiefly determines the right to exemption, and the primary use of the property must be considered.

5. SAME—*rule that use which would justify exemption must be exclusive should not receive narrow construction.* As a general

rule exemption statutes must be strictly construed, and the finding must be against the exemption if there is any doubt, but in determining whether property is used exclusively for a purpose which allows its exemption, unreasonably narrow construction should not be applied, and the conclusion in each case depends upon the facts applicable thereto.

6. SAME—*a property owner must show right to exemption.* A party claiming exemption from taxation must bring himself within the constitutional and statutory provisions.

7. SAME—*use of property on or before the first day of April determines its right to exemption.* Under the Revenue act, property is required to be assessed "with reference to the ownership, amount, kind and value" on the first day of April, and property which on that day is not yet devoted to a use which will exempt it is taxable, although it is intended shortly thereafter to be devoted to such use.

APPEAL from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

McNAB, HOLMES & LONG, and McCORMICK, KIRKLAND, PATTERSON & FLEMING, (SAMUEL S. HOLMES, PERRY S. PATTERSON, and WILLIAM H. SYMMES, of counsel,) for appellant.

ASHBEL V. SMITH, State's Attorney, (SIDNEY H. BLOCK, of counsel,) for appellee.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The county collector of Lake county made application to the county court for judgment against certain lands in that county returned delinquent for general taxes for the year 1922 and for an order of sale thereof. The Catholic Bishop of Chicago, George W. Mundelein, a corporation sole, appeared and objected thereto for the reason that the premises in question were used exclusively for school purposes and school and religious purposes and not leased or otherwise used with a view to profit and were therefore

exempt from taxation. The court overruled the objections, entered judgment and order of sale against the property, and an appeal therefrom has been prosecuted to this court.

Appellant owns approximately 950 acres of land near Area, Illinois, a small town in Lake county, more than half of which acreage is taxable farm land and not here involved. The property here in question comprises a tract of about 465 acres. A Catholic seminary is located upon the property and conducted for the purpose of preparing young men for the priesthood. During April, 1922, there were some forty students in attendance. These students, their instructors, and several nuns who prepared the meals served at the school and took care of the institution, resided in buildings located upon the property. The main buildings are situated upon blocks 1 and 2, containing about 65 acres, which were not assessed and which it is conceded were exempt from taxation. The remaining property, of approximately 400 acres, joins the 65 acres last mentioned, and the whole premises form one large body of land, which is entirely fenced except along the boundary line of one tract. There are some buildings on other portions of the 400 acres. On one tract is the gardener's residence. On another is the summer home of the archbishop and a chapel. Other buildings are a summer school, dormitory and refectory. Some 40 acres are in nursery for growing trees and shrubs to be used in beautifying the grounds. Several acres constitute a baseball diamond and tennis courts, 80 acres are intended as a golf course, and 140 acres comprise a lake, where boat-house piers have been put in, and swimming, boating and skating are indulged in. There is some wooded land, which has been cleared of underbrush and paths and trails cut through. Some four miles of roads, drives and walks have been built upon the premises and the grounds otherwise beautified. All the buildings and improvements on the entire premises are used or intended to be used for the purpose of the institution alone,

and no part of it is leased or otherwise used with a view to profit. The evidence shows the course of study to be six years. The scholastic training and study occupy eight hours per day, and include English, philosophy, chemistry, biology, history, church history, scripture, public speaking and foreign languages. Some subjects are taught in Latin and recitations therein made in the same language. The moral training of the students occupies some three hours' time per day and consists of religious services. The physical training of the students requires about three hours' time per day and is in charge of one person, who directs the students' recreational exercise. The term for instruction extends from about the middle of September to the middle of June, during which period the seminarians are not permitted, except in extreme or urgent instances, to leave the seminary grounds. The students live in a dormitory having over 190 rooms, and pay nothing for their board, room, laundry or training, except a small laboratory fee. The proof further shows the entire premises have not yet been completed and beautified, as additional drives, walks, gardens, buildings and improvements of various kinds are contemplated and some are in the process of construction.

Appellant contends the entire tract of approximately 465 acres, which constitutes the seminary grounds, is exempt from taxation under the law. It is the contention of appellee that the judgment should be sustained because appellant did not clearly show he was entitled to the exemptions; that all of the acreage is not being used exclusively for school and religious purposes, and some of the improvements had not been completed and put into use at the time of making assessment for taxes, on April 1, 1922.

Section 3 of article 9 of the constitution authorizes the legislature to exempt from taxation, by general law, all property used exclusively for school or religious purposes. Pursuant to such authority the legislature passed such a statute and has from time to time made amendments there-

to, under which laws various decisions have been handed down by this court. The present statute exempting such property from taxation reads as follows: "All property used exclusively for religious purposes, or used exclusively for school and religious purposes or for orphanages and not leased or otherwise used with a view to profit." (Cahill's Stat. 1923, chap. 120, sec. 2, clause 2.)

Without a repetition of the scholastic curriculum of the seminary as shown by the proof and a discussion thereof, it seems quite clear that under the authority of *People* v. *St. Francis Academy,* 233 Ill. 26, and *People* v. *Deutsche Gemeinde,* 249 id. 132, the seminary is such as would be termed an institution of learning or school as contemplated in clause 2 of section 2 of the Revenue act heretofore quoted. This section, with the exception of a slight amendment not material here, is the same as it was when the case last above mentioned was decided, in which we held said section was within the grant of power to the General Assembly.

From the testimony produced on the trial it appears that the main buildings of the school were all in use, and other buildings located on different tracts were also used, in connection with the educational work. The entire acreage, from plans previously made, was undergoing a process of change from the raw or natural state and being converted into school grounds or campus, with drives, walks, flower beds and other improvements. It is true, a large part was being devoted to recreation, the lake comprising some 140 acres for boating, swimming and skating, the wooded land with its paths and trails, the proposed golf course, baseball diamond and tennis courts for those who partake of such outdoor exercise. The record is entirely without proof or suggestion that any of the acreage was not used or to be used as a part of the grounds in connection with the school and for no other purpose. The provision of the statute here under consideration has un-

dergone various changes and amendments. The earlier provisions show some limitation as to the amount of ground to be exempted and included with the buildings. By the amendment of section 2 of the Revenue act in 1909 the language was materially changed. Since that date, and by subsequent amendments, there appears to have been no limitation as to the amount or extent of ground that may be exempted, provided such premises are used exclusively for school or religious purposes and not for profit. This court, considering this same section of the Revenue act in *People* v. *Salvation Army,* 305 Ill. 545, said: "The only constitutional limitation on the power of the legislature to exempt property used for religious purposes is that such use shall be exclusive." The same expression would apply whether for religious purposes or for school purposes.

In ascertaining whether property is exempt under a constitutional or statutory provision the primary use of such property must be considered, and the use of the property chiefly determines its right to exemption. (*First Congregational Church* v. *Board of Review,* 254 Ill. 220; *People* v. *Salvation Army, supra.*) Though it has been said that the statute must be strictly construed and the finding against the exemption if there be any doubt about the matter, yet in arriving at a conclusion as to whether the use is exclusive those words are not to receive an unreasonably narrow construction. In a very recent tax case considered by this court it was said: "The uses of property in these tax cases for the work of the institution are necessarily relative and usually are not absolutely essential." (*Knox College* v. *Board of Review,* 308 Ill. 160.) The conclusion in each case depends upon the facts applicable thereto.

It is beyond dispute that the party claiming exemption from taxation must bring himself within the constitutional and statutory provision. (*People* v. *Watseka Camp Meeting Ass'n,* 160 Ill. 576.) By the Revenue act property is required to be assessed "with reference to the ownership,

amount, kind and value" on the first day of April. Property owned on that day which is not exempt is taxable, although it may thereafter be devoted to a purpose which would exempt it from taxation. (*People* v. *Deutsche Gemeinde, supra.*) The tract of 80 acres intended to be used as a golf course was not so used April 1, 1922. At that time it was in its natural state and had never been used as a golf course or for purposes of recreation. That it was. intended to use it for such purpose in connection with the school was not sufficient, even if it would have been exempt had it been devoted to the use intended before April 1. (*In re Petition of Allerton*, 296 Ill. 340.) Appellee contends that under the same rule the lake and other tracts were not exempt when assessed. The proof shows the lake has been dredged and cleaned and had prior to April 1 been used by the school for swimming, boating, skating and other winter sports. Piers had been built and the foundation for a boat-house laid before April 1, 1922. That tract was used for the purpose intended before that date, and the completion of the boat-house would only. add to the convenience of its use by the school. The same is also true of the other tracts except the golf course. It is true, the school contemplated constructing more driveways and paths on other tracts, but about four miles of such roads had been constructed through the grounds and wooded tracts and were used exclusively for recreational purposes by the school.

We are of opinion appellant's objections should have been sustained as to all the land except the 80 acres intended for a golf course, and judgment should have been rendered against the tract or tracts intended for that use by the school.

The judgment of the county court is reversed and the cause remanded, with directions to render judgment in accordance with the views expressed in this opinion.

*Reversed and remanded, with directions.*