(No. 15823.—Judgment affirmed.)
THE PEOPLE *ex rel.* C. C. Baldwin, County Collector, Appellee, *vs.* THE JESSAMINE WITHERS HOME, Appellant.

*Opinion filed April 14, 1924.*

1. TAXES—*all property is taxable unless exempt by valid statute.* Under the constitution all property is subject to taxation unless exempt by legislation passed in accordance with section 3 of article 9 thereof.

2. SAME—*exemption statutes must be strictly construed.* Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt it must be resolved against the exemption, as exemption is not to be made by judicial construction, and anyone claiming exemption under a statute must show clearly that the property is exempt.

3. SAME—*primary use of property determines its exemption from taxation.* If property is devoted primarily to religious or charitable purposes it is exempt notwithstanding there is an incidental use for another purpose, but an incidental use for religious or charitable purposes while the primary use is for another purpose will not warrant exemption.

4. SAME—*property must be directly used for charitable purpose to be exempt.* To be exempt from taxation on the ground that it is devoted to charitable, religious or school purposes, property must be in actual use by charitable or religious organizations or institutions of learning in carrying out directly their charitable, religious or school purposes.

5. SAME—*property of charitable institution leased or used for profit is not exempt.* Property of charitable, religious or school organizations is not exempt from taxation where it is not in actual use directly for such purposes but is leased to produce an income or profit from the property, even though such profit is applied exclusively to maintaining the charitable or religious organizations or institutions of learning, as the primary use in such case is for profit and the application of the income is secondary.

6. SAME—*when property of old ladies' home is not exempt.* A farm given to the trustees of a church for the purpose of maintaining an old ladies' home is not exempt from taxation where the home is not located on the farm and the farm is rented for profit, although the profit or income is devoted exclusively to the purposes of the home.

APPEAL from the County Court of McLean county; the Hon. WILLIAM C. RADLIFF, Judge, presiding.

LIVINGSTON & WHITMORE, (STELLA E. WHITMORE, of counsel,) for appellant.

LESTER H. MARTIN, State's Attorney, and JOSEPH W. DEPEW, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

At the June term, 1923, of the county court of McLean county the county collector made application for judgment for delinquent taxes against a farm of 240 acres belonging to the Jessamine Withers Home, incorporated. The corporation filed objections, which were overruled, and the objector appealed from the judgment rendered against the land. The basis for the appeal is the claim that the land is exempt from taxation by reason of paragraph 7 of section 2 of the Revenue act, which declares that all property of institutions of public charity, of beneficent and charitable organizations, and of old people's homes, when such property is actually and exclusively used for such charitable or beneficent purposes, and not leased or otherwise used with a view to profit, shall be exempt from taxation.

S. Noble King, who owned the land in question and other land, died in 1913, leaving a will having a residuary clause, by which he gave the residue of his property, after the payment of his debts, to his widow for life, with remainder to the trustees of the Second Presbyterian Church of Bloomington, for the purpose of improving, maintaining and supporting an old ladies' home. The will directed that none of the land should be sold but that it should be held in trust until the home should be incorporated and elect its own trustees, and then the trustees of the church should turn over the property to the trustees of the home. The widow renounced the will, and in May, 1913, upon a bill

filed by her in the circuit court of McLean county against the trustees of the church and the heirs of the testator, a decree was rendered directing her to convey to the trustees of the Second Presbyterian Church the 240 acres in question upon their payment of a certain sum of money to her, the conveyance being decreed to be their full equitable share of the testator's estate. She conveyed the land in pursuance of this decree. The Jessamine Withers Home was incorporated for the purpose of maintaining a home for aged and indigent women and has since maintained such a home, but not upon the land in question, and none of the land is occupied by the home. The home is non-sectarian, admitting applicants without regard to race, creed or nationality. Applicants must be sixty-five years old, of good character, and must have been residents of McLean county for a year prior to their admission. They must pay an admission fee of $500, and must convey to the corporation all their property, but they receive the income during their lives. There are sixty or more inmates. The home is always full and has a waiting list. The farm is rented for part cash and part crop rent, and the rent is all paid to the treasurer of the home, except what is used to keep up repairs, and is used to maintain the home. The income from all its property is insufficient to pay the expenses of conducting the home and it is compelled to solicit charitable subscriptions. The matron, nurses and janitor are paid but none of the trustees or officers receive any compensation.

Section 3 of article 9 of the constitution of 1870 provides that such property as may be used exclusively for school, religious, cemetery and charitable purposes may be exempt from taxation, but such exemption shall only be by general law. Under the authority of this section, section 2 of the Revenue act provides that all property of institutions of public charity, all property of beneficent and charitable organizations and of old people's homes, when such property is actually and exclusively used for such charitable or

beneficent purposes and not leased or otherwise used with a view to profit, shall be exempted from taxation.

Under the constitution all property in this State is subject to taxation unless relieved by legislation passed in accordance with the constitutional provision just cited. Statutes passed for the purpose of exempting property from taxation must be strictly construed, and if there is any doubt upon the question it must be resolved against the exemption and in favor of taxation. The exemption is not to be made by judicial construction, but anyone claiming exemption from taxation under a statute must show clearly that the property is exempt within the terms of the constitution and the statute. (*First Congregational Church* v. *Board of Review,* 254 Ill. 220; *Congregational Publishing Society* v. *Board of Review,* 290 id. 108.) It is the primary use to which the property is put which determines the question whether it is exempt from taxation. If it is devoted primarily to the religious or charitable purposes which exempt from taxation, an incidental use for another purpose will not destroy the exemption, but an incidental use for religious or charitable purposes of property whose primary use is for another purpose will not warrant exemption. (*First Congregational Church* v. *Board of Review, supra; People* v. *First Congregational Church,* 232 Ill. 158.) The object of the constitutional provision thus authorizing exemptions from taxation and of the legislation pursuant to that authority is to provide that property in actual use by charitable or religious organizations or institutions of learning in carrying out directly their charitable, religious or school purposes shall not be required to contribute to the support of government, and the authority of the legislature to exempt from taxation is expressly limited to property exclusively applied to such actual use. The purpose does not, however, extend to the exemption of property of such organizations not in actual use directly for such purpose but leased to produce an income or otherwise used for profit,

though the income or profit from the property be applied to maintaining the charitable or religious organizations or institutions of learning. Former decisions of this court show that the phrase "actually and exclusively used" for such charitable and beneficent purposes, as applied to this case, means devoted directly and primarily to the charitable purposes for which the old ladies' home is established, and that the meaning of the phrase "not leased or otherwise used with a view to profit" has the ordinary meaning of the words. If real estate is leased for rent, whether in cash or in other form of consideration, it is used for profit. While the application of the income to charitable purposes aids the charity, the primary use of this land is for profit. It is used directly for profit, the same as any other farm in the county, and it is only indirectly, from the application of the income, that it aids in the charitable and beneficent purposes of the old ladies' home.

In *First M. E. Church of Chicago* v. *City of Chicago,* 26 Ill. 482, a building consisting of four stories and base-ment was erected on a lot owned by the church. The lower stories and basement were occupied and used for business purposes and rented to different persons, the entire rent and income being applied exclusively to the purposes of the church, while the upper stories were exclusively used for the religious purposes of the church. The church objected to a judgment for taxes against the property, and it was argued, on appeal, that because the rents and profits received for the use of the building were applied to the payment of the mortgage on the premises and to provide other places of worship in Chicago, this was not appropriating the build-ing to a pecuniary profit but exclusively to religious pur-poses. In the opinion it was said that the same might be said of a manufacturing establishment the proceeds of which were devoted to the same object. It was held that the meaning of the law as applied to religious buildings and furniture was, that they must be used directly for sacred,

and not for secular, purposes. It was not enough that the profits or income of the secular uses are to be applied to sacred purposes. When money is made by the use of the building, that is profit, no matter to what purpose that money is applied.

In *Northwestern University* v. *People,* 80 Ill. 333, it was held that under section 3 of article 9 of the constitution of 1848, which provided that such property as the General Assembly might deem necessary for school, religious and charitable purposes might be exempted from taxation, it was not competent for the General Assembly to exempt from taxation property owned by educational, religious or charitable corporations which was not itself used directly in aid of the purposes for which the corporations were created but which was held for profit, merely, although the profits were to be devoted to the proper purposes of the corporation.

In *People* v. *First Congregational Church, supra,* it was held that a parsonage occupied by the pastor of a church as a residence was used for a secular and not for a religious purpose, and that a statute exempting all parsonages or residences actually and exclusively used by persons devoting their entire time to church work and owned by the congregation or the church authorities and not used for pecuniary profit, was not within the terms of the constitutional provision authorizing the exemption of property used exclusively for religious purposes from taxation.

It is argued in behalf of the appellant that the test of exemption is whether the property is so used that it relieves the public of a burden that it would have if the property were put to another use; that if the entire income is used to support the women living in the home the property is exempt even though leased, because there is no profit to the home within the meaning of the statute. The trouble with this argument is that the constitution and the statute have not adopted that test, but have made the test that the property shall be exclusively used for the charitable purpose

and shall not be leased or otherwise used for the purpose of profit.

In *Monticello Female Seminary* v. *People,* 106 Ill. 398, the seminary was the owner of about 75 acres of land, a part of which was used for garden, part for orchard, part for raising hay, corn and oats, part for pasturage, and part by a building occupied by the superintendent of grounds and outdoor work, and, when necessary, by the students. It was shown that all the property was necessary for the proper carrying on of the institution and the land was used exclusively for the purpose of the institution, no part of it being leased or used with a view to profit. It was necessary, in connection with the institution, to have cows to supply milk for the scholars and teachers, numbering about 175 persons, who resided and lived upon the grounds of the institution; that horses were required to do the necessary hauling connected with the seminary, and all the hay, corn and oats raised on the place went to the feeding of the stock; that nothing was ever sold off the premises, but what was raised was but a partial supply for the institution; that the object of the institution was, so far as possible, to make it self-sustaining. The lands formed one connected body, upon which the seminary buildings were situate. They were not leased by the institution or otherwise used with a view to profit, and it was held that they were used strictly and exclusively for the carrying on of the seminary and were therefore exempt from taxation.

A question arose in connection with the right of this same seminary to exemption from taxation of certain personal property, consisting of credits,—that is, bonds with interest coupons attached, and promissory notes secured by mortgages. It was held that the right to enjoy exemption from taxation could only be established by direct proof that the funds were not used with a view to profit; but as to the $35,000 of the fund which had been given to the institution for the purpose of furnishing free scholarships, the

seminary having the right only to the use of the income and its ownership being limited by the requirement that the principal should be kept intact and the income only used for the specific purpose of furnishing free scholarships, it was held that the income was not a profit; that the trustees could be compelled to use the income for the purpose stipulated by the donors, and that the principal sum of the $35,000 endowment fund was exempt from taxation but the other funds were not. *Monticello Seminary* v. *Board of Review,* 249 Ill. 481.

In *Smith* v. *Board of Review,* 305 Ill. 38, the Caroline Mark Home was established by the will of Caroline Mark as a home for the aged women of Carroll county, and the counties adjoining, who were homeless and poor. The home itself was situated on a tract of land of about 15 acres, an annex upon a tract of about 10 acres, and there were two other tracts of 186 and 62 acres, respectively, which were leased by the trustees to other persons for cash rent. It was held that the tract of land on which the home itself was situate was exempt from taxation; that so much of the tract on which the annex was built as was used in connection with the home should be exempt, but since a part of that tract was conceded to be leased for cash rent and the record did not show what part of the tract was exclusively used and occupied by the annex building and what part was leased for cash, it was impossible to separate the exempt from that which was liable to taxation, and that no error was committed in holding the entire tract subject to taxation.

In *Knox College* v. *Board of Review,* 308 Ill. 160, it was held that a residence owned by the college and occupied and used exclusively as his residence by the college president as a part of the consideration for his service, and fraternity houses not used exclusively for school purposes but rented for the accommodation of students belonging to certain fraternities, are not exempt from taxation.

In *Grand Lodge* v. *Board of Review,* 281 Ill. 480, the Masonic Grand Lodge was the owner of 464 acres of land on which it had constructed a suitable home for the widows and orphans of Masons. It was all in one body, separated only by public highways, the whole constituting a single farm operated for the maintenance of the charity. The entire 464 acres were farmed, controlled and managed by committees of the grand lodge for the support of the home and hospital. Cows and other stock were kept on the farm, and there were numerous persons employed as farm-hands, laborers, nurses and other employees, and a large appropriation was made out of the charity fund of the order for the use and maintenance of the home in addition to what was furnished by the farm. This property was clearly actually and exclusively used for the charitable purpose of the home and was not leased or otherwise used with a view to profit, as the court held.

The latest case which we have decided involving the construction of the tax exemption here claimed is *People* v. *Catholic Bishop of Chicago,* 311 Ill. 11, in which the principles announced in the cases which have been cited are repeated. The case of *Trinidad* v. *Sagrada Orden de Predicadores,* U. S. Adv. Op. 1923-24, p. 223, is not in conflict with these principles. That case involved an exemption from income tax of any corporation "organized and operated exclusively for religious, charitable, scientific or educational purposes, no part of the income of which inures to the benefit of any private stockholder or individual." It was income, only, which was involved, the exemption applied to the corporation and the purposes for which it was operated, and contemplated that such a corporation might have a net income, making no reference to the source of the income but making its destination the ultimate test of exemption.

The law is clearly established by the decisions of this court that property can be held exempt from taxation in

this State on the ground that it is devoted to a charitable purpose only when it is clearly shown that it is actually and exclusively used directly in the charitable work, and that such use is not indirectly through a lease or other use for profit and the application of the income or profits made to the use of the charity.

The judgment of the county court will be affirmed.

*Judgment affirmed.*

---

(No. 15860.—Reversed and remanded.)
THE TAZEWELL COAL COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PAUL QUINN, Defendant in Error.)

*Opinion filed April 14, 1924.*