(No. 27735.—

THE CITY OF MATTOON, Appellant, *vs.* W. C. GRAHAM, County Collector, *et al.*, Appellees.

*Opinion filed March 21, 1944.*

O. F. SCHOCH, City Attorney, of Mattoon, for appellant.

CRAIG & CRAIG, W. K. KIDWELL, and KENNETH GREEN, all of Mattoon, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, the city of Mattoon, filed its complaint in the circuit court of Coles county to enjoin W. C. Graham, the county treasurer and collector, Humboldt township, School District No. 76, and the supervisor and town assessor, from collecting and attempting, in any manner, to enforce the payment of the whole or any part of the general taxes for the year 1942, levied against 75.50 acres owned by plaintiff, charging that the property is exempt from taxation, being located beyond the corporate limits of the city and used exclusively for a municipal purpose, namely, a water-supply system. Plaintiff also sought to restrain defendants, by a permanent injunction, from levying any general taxes upon the property while owned by plaintiff and used exclusively for municipal purposes. Injunction is a proper remedy where the property owner alleges that the tax is levied upon property not subject to taxation. (*Illinois Central Railroad Co.* v. *Hodges,* 113

Ill. 323.) Defendants answered, averring that the greater percentage of the surface of the land is used to produce farm products and that these products are raised either by plaintiff or its tenant. The cause was heard upon the pleadings, two stipulations of fact and the testimony of the superintendent of the water department of the city. A decree was entered adjudging that the complaint be dismissed for the want of equity as to the taxes for 1942 and that, with respect to the general taxes for 1943 and subsequent years, defendants be permanently enjoined from levying any general taxes against three per cent in area of the land, or against any works, machinery or fixtures located upon this portion of the property used exclusively for conveying water to the city of Mattoon and, as to the remaining ninety-seven per cent in area of the land, that the complaint be dismissed for the want of equity. From this decree, plaintiff prosecutes a direct appeal, the revenue being involved.

Pertinent facts appear from the pleadings and the stipulations. Plaintiff made no objection to the tax levy for 1942 and did not file a claim for a reduced valuation. Nor, prior to instituting this action, did plaintiff file any statement disclosing the portion of the property in question used for water-producing functions and the part employed for agricultural purposes. Plaintiff owns and operates a waterworks or water-supply system, both within and without its corporate limits, pursuant to statutory authorization. (Ill. Rev. Stat. 1943, chap. 24, article 78.) Plaintiff is the sole owner of the real estate, consisting of 75.50 acres, involved in this litigation. Located on the property are nine water wells, booster or pump station, fixtures, machinery, equipment, pipe lines and power lines, all belonging exclusively to plaintiff and used solely for the carrying of water to the city. From the real estate, there is furnished approximately fifty per cent of the domestic water and approximately twenty per cent of all the water used in Mattoon.

The wells are one of the sources of water for the fire department, sewer department, streets, parks, and for other municipal, public and domestic purposes in the municipality —water which has been treated and sold to all users at fixed rates and, for the last several years, at a profit to the city. Admittedly, the operation of the real estate as a source of water for plaintiff's waterworks system does not interfere with the production of farm products on the property. From 1936 to May 21, 1943, the day plaintiff filed its complaint, ninety-seven per cent of the surface of the real estate has been leased for agricultural purposes on a crop-share basis, and plaintiff receives the usual and customary rental in the community where the land is located. A tenant is in possession, conformably to an oral agreement for the planting, cultivation and harvesting of the crops.

An examination of the testimony of the superintendent of the water department of the city discloses that he did not claim that the part of the land used for agricultural purposes is presently needed for producing water. Although he did testify that this land covers a basin or lake of water, and plaintiff now asserts that water is pumped from the basin lying beneath the surface of the land which it owns and conveys inside the corporate limits of the city, the testimony of its sole witness fails to show that all of any particular *stratum* beneath the surface is used. Indeed, plaintiff's witness admitted his lack of personal knowledge of the structures underlying the south 2000 feet of the property. Competent evidence is thus wanting that the wells presently producing water pump water from an area 2000 feet distant from the wells and, specifically, that the city drains water from the ninety-seven per cent in area of the tract involved in this litigation.

Seeking a reversal of the decree, plaintiff contends that its entire tract of 75.50 acres is used exclusively for a municipal purpose and, hence, exempt from taxation. Furnishing domestic water to its citizens is, without question, a

municipal affair or purpose of a chartered city. (*City of South Pasadena* v. *Pasadena Land and Water Co.* 152 Cal. 579; *Smith* v. *City of Glendale,* 36 Pac. 2d (Cal.) 1083.) To sustain the decree, defendants maintain that ninety-seven per cent in area of the real estate is used for farming, a nonmunicipal purpose, and subject to taxation. Defendants concede that three per cent in area of the property is exempt from taxation.

Section 3 of article IX of our constitution provides: "The property of the State, counties, and other municipal corporations, both real and personal, * * * may be exempted from taxation; but such exemption shall be only by general law." The quoted constitutional provision is not self-executing and exemptions exist only when granted by general law enacted by the General Assembly. (*People ex rel. Olmsted* v. *University of Illinois,* 328 Ill. 377.) The applicable statute, so far as relevant, declares "All property described in this section to the extent herein limited, shall be exempt from taxation, that is to say: * * * (6) * * * and all property owned by any city or village outside of the corporate limits of the same if used exclusively for municipal purposes." In addition, paragraph 9 of the same section exempts from taxation "all works, machinery and fixtures belonging exclusively to any town, village or city, used exclusively for conveying water to such town, village or city." (Ill. Rev. Stat. 1943, chap. 120, par. 500.) The precise question presented for our decision is whether the foregoing provisions of the Revenue Act exempt from taxation the portion of the 75.50 acres of land owned by plaintiff but leased and used for farming.

Applicable principles are firmly established. In ascertaining whether property is included within the scope of exemption, the statute must be strictly construed and all debatable questions resolved in favor of taxation. (*People ex rel. Lloyd* v. *University of Illinois,* 357 Ill. 369; *Peo-*

*ple ex rel. Baldwin* v. *Withers Home,* 312 Ill. 136.) The burden of establishing statutory authority within the limitations of the constitution for an exemption from taxation rests upon the person who asserts it. (*Turnverein "Lincoln"* v. *Board of Appeals,* 358 Ill. 135.) Because property is owned by a municipal corporation it does not necessarily follow that such property is exempt from taxation. (*People ex rel. Gill.* v. *Trustees of Schools,* 364 Ill. 131; *Sanitary District* v. *Hanberg,* 226 Ill. 480.) As observed in the case last cited: "The provision of the constitution plainly implies that property so owned is subject to taxation unless there is some law exempting it." The solution of the question whether a particular parcel of property is exempt from taxation requires a consideration of each factual situation. (*People ex rel. Carr.* v. *Phi Kappa Sigma,* 326 Ill. 573; *People ex rel. Pearsall* v. *Catholic Bishop,* 311 Ill. 11.) The primary use to which the property is devoted, as plaintiff points out, and not its secondary or incidental use, is controlling. (*School of Domestic Arts and Science* v. *Carr,* 322 Ill. 562; *People ex rel. Fix* v. *Northwestern College,* 322 Ill. 120.) And, it is true that where the primary and principal use to which the property is employed is for a municipal purpose, the mere fact that income is incidentally and secondarily derived from its use for a nonmunicipal purpose will not necessarily render the property taxable. (*People ex rel. Carr* v. *Sanitary District,* 307 Ill. 24; *Sanitary District* v. *Carr,* 304 Ill. 120.) The rule invoked does not, however, aid plaintiff. The use of ninety-seven per cent of the acreage for farm purposes is not an incidental and secondary use of this portion of the property. This use is, instead, separate and distinct from the use to which the three per cent of the property on which the wells are located is put. The ninety-seven per cent in area is used, not incidentally, but wholly, for farming purposes. In short, the only use to which three per cent of the property

is devoted is a municipal purpose and the sole use, independent of the municipal purpose, to which the remaining part of the land is devoted is a nonmunicipal purpose.

Application of well-settled rules to the conceded facts presents a situation where three per cent of the land in question is exempt from, and ninety-seven per cent subject to, taxation. Plaintiff directs attention to the fact that it receives but little income from the land used for farming purposes. The amount of income derived and the percentage of return on its investment are beside the point. If property, however owned, is let for a return, it is used for profit and so far as its liability to the burden of taxation is concerned, it is irrelevant whether the owner makes a profit or sustains a loss. (*Turnverein "Lincoln" v. Board of Appeals*, 358 Ill. 135; *People v. Withers Home*, 312 Ill. 136.) The land devoted to farming was used precisely as other farm land for like purposes, and it must be taxed in the same manner.

It is permissible, where a tract is used for two purposes, or "double purposes," (*People ex rel. Carr. v. Sanitary District*, 307 Ill. 24,) one of which would exempt the property from taxation, as here, and the other would not, to assess and levy a tax against the part of the property devoted to a use not exempt from taxation. (*Glen Oak Cemetery Co. v. Board of Appeals*, 358 Ill. 48; *People ex rel. Pearsall v. Catholic Bishop*, 311 Ill. 11; *People ex rel. Carr v. Sanitary District*, 307 Ill. 24; *Sanitary District v. Hanberg*, 226 Ill. 480; *Presbyterian Theological Seminary v. People ex rel. Johnson*, 101 Ill. 578; *First Methodist Church v. City of Chicago*, 26 Ill. 482.) Mr. Chief Justice Caton observed, in the case last cited: "But it is objected that if any portion of the building is subject to taxation, then the whole is, and hence the court erred in exempting that portion which is exclusively devoted to religious purposes. It does not lie in the mouth of the church to raise the objection, which is to her advantage. She must not complain of

that which is for her benefit. But if we could listen to this complaint, we do not think it well founded. There is no more difficulty in recognizing the different part of a building for valuation and taxation, than there is for use." In *People* v. *Catholic Bishop,* 311 Ill. 11, the property owner's objections, it was held, should have been sustained as to all its land except eighty acres intended for a golf course and judgment rendered against the tract or tracts intended for such use by the seminary. In the *Glen Oak Cemetery Co. case,* the court observed, "It is clearly apparent that the south 40 acres of the company's real estate is not used exclusively for burial purposes, as contemplated by the constitution. That portion of the company's property is subject to taxation." Here, there was a separation of the use of a separable portion of the property and there may be separate assessments and taxes by separate uses.

As recounted, plaintiff did not object to the assessment of its property for the year 1942, and interposed no objections to the taxes levied for the year named. Nor did the city file a statement of any kind disclosing to the assessor the portion of its land used exclusively for municipal purposes. An analogous situation obtained in *Sanitary District* v. *Hanberg,* 226 Ill. 480, where a part of the property in controversy was used for public purposes and a part leased to private persons. This court, speaking through Mr. Justice Cartwright, said: "Where legal and illegal taxes are blended so as to be incapable of separation the entire levy will be avoided. But we do not regard that rule as applicable to this case. * * * The exemption is to be construed strictly against the right claimed, and where the sanitary district owns a single tract of land which has been assessed as a whole and leases a part of it, it is not unreasonable that the district should make known to the assessing officers what portion is used exclusively for the public purpose. The district may use its property either for public

or private purposes, and it would not be reasonable to require assessing officers to examine its leases for the purpose of determining exactly what portion is exempt from taxation." This observation is singularly applicable in the present case, to the extent the general taxes for the year 1942 are involved.

The decree of the circuit court is right, and it is affirmed.

*Decree affirmed.*