(No. 14658.—Decree affirmed.)

THE SANITARY DISTRICT OF CHICAGO, Appellant, *vs.* PATRICK J. CARR, County Treasurer, Appellee.

*Opinion filed June 21, 1922—Rehearing denied October 6, 1922.*

1. TAXES—*property is not exempt merely because owned by a sanitary district.* The fact that property is owned by the Sanitary District of Chicago does not exempt it from taxation, but to be exempt under the statute it must be, in fact and in law, public grounds of such district used exclusively for public purposes.

2. SAME—*rule as to exemption of property as public grounds.* If property is primarily devoted to public use it may be exempt from taxation although it is used incidentally for minor or occasional private purposes which do not interfere with the primary public use, but a merely incidental or secondary use of property for a public purpose will not bring the property within the exemption where the primary use is not public.

3. SAME—*when property of sanitary district is not exempt as public grounds.* Although every public utility has some relation to the public, its property belongs to the corporation owning and operating the utility and is not public grounds within the meaning of the tax exemption statute, and property on which the Sanitary District of Chicago has a terminal station for transforming and supplying electricity to municipalities or persons for compensation is not exempt as public grounds.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

WILLIAM F. MULVIHILL, (MORTON S. CRESSY, PRESTON CLARK, and WALTER E. BEEBE, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, GEORGE E. GORMAN, and WILLIAM H. DUVAL, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The Sanitary District of Chicago filed its bill in the circuit court of Cook county to enjoin Patrick J. Carr, county treasurer, from collecting taxes levied in two school districts in the town of Lamont against property of the district assessed as personal property but alleged to be real estate, and also a tax levied upon a tract of land described as lot 6, Sanitary District Trustees' subdivision, in section 36, township 39, range 13, in Cook county, known as the terminal station, and alleged to be exempt from taxation as public grounds used exclusively for public purposes. The defendant demurred to so much of the bill as sought to enjoin the collection of the tax against lot 6 and answered the bill as to the other taxes. On a hearing upon the demurrer and evidence as to the issues formed by the answer the court granted the relief prayed for as to the taxes in the town of Lamont and sustained the demurrer as to lot 6. The complainant elected to stand by its bill, and so far as it sought relief concerning lot 6 the bill was dismissed for want of equity and the complainant appealed.

The substantial allegations of the bill admitted to be true for the purposes of the demurrer are as follows: The sanitary district is a municipal corporation organized under an act of the legislature passed in 1889 for the public purpose of providing a drain or channel for the disposal of the sewerage of the district, and the property devoted exclusively to that purpose is exempt from taxation. (*Sanitary District v. Hanberg,* 226 Ill. 480.) In 1903 an act was passed giving to the district the powers of an ordinary

commercial corporation for business purposes, by providing that the power made available by the works constructed under the act should be converted into electrical energy and be transmitted to the various cities, villages and towns within the district or adjacent to its main channel, and might be used in the lighting of said cities, villages and towns or parts thereof, or for the operation of pumping plants or machinery used for municipal purposes or for public service, or might be disposed of to any other person or corporation, provided the district should utilize so much as might be required to operate machinery of the district. Pursuant to that authority the district constructed a power house at Lockport, in Will county, for the purpose of developing electrical energy, and a terminal station was established on lot 6, situated on the bank of the canal near the point where the canal connects with the west fork of the south branch of the Chicago river, in Cook county. The electrical energy developed at Lockport is transmitted to the terminal station, where it is transformed from the voltage at which it is transmitted and received, to a lower suitable voltage for delivery to sub-stations within the district for use in street lighting and to various municipalities and private consumers. The electrical power is transmitted accordingly and sold as a business transaction to the municipalities and private consumers at prices fixed by the district. The terminal station is located on the right of way of the district, and the bill alleged, as a matter of law, that the use of the terminal station so specified is a public one, bringing lot 6 within the exemption from taxation provided by section 2 of the Revenue act, which exempts public grounds used exclusively for public purposes. It was also alleged that the terminal station was not solely devoted to the reduction of voltage and the distribution of electrical energy to municipalities and private consumers for compensation, but that it contained a record vault, in which were kept papers, files and other matters relating to the work of the

trustees, the studio of the official photographer, with his files, the headquarters of a division engineer, and a storage warehouse.

The fact that the terminal station is owned by the sanitary district does not exempt it from taxation, (*Sanitary District* v. *Hanberg, supra,*) but to be exempt under the statute it must be, in fact and law, public grounds used exclusively for public purposes. That does not mean that public ground in which the public have an interest, the primary and substantial use of which is for public purposes, may not also be used incidentally for minor or occasional private purposes which do not interfere with the primary public use. The statute has not received such an unreasonable and narrow construction as that a merely incidental secondary use would deprive the property of its character. (*Dunne* v. *County of Rock Island,* 283 Ill. 628; *People* v. *First Congregational Church,* 232 id. 158.) It is equally clear that a merely incidental or secondary use of property for a public purpose will not bring the property within the exemption where the primary use is not public. If the primary use of the terminal station is of a private and commercial character not different from that of any other public utility, the fact of the vault, photographer's studio, or other similar incidental uses, would not change the character of the use. In one sense every public utility, whether for transportation of persons or property, furnishing electricity for light or power or giving telephone service, has some relation to the public, but its property is the property of the corporation owning and operating the same, and it does not come within the description of public grounds used exclusively for public purposes. The public has no right or interest in this terminal station different or greater than the public interest in any utility supplying electricity for lighting or other purposes to municipalities, private persons or corporations for compensation.

The decree is affirmed.

*Decree affirmed.*