(Nos. 23785, 23786.—

The City of Chicago, Appellee, *vs.* Knowlton L. Ames, Jr., Director of Finance, *et al.* Appellants.—The Village of Algonquin *et al.* Appellees, *vs.* Knowlton L. Ames, Jr., Director of Finance, *et al.* Appellants.

*Opinion filed February 12, 1937—Rehearing denied April 7, 1937.*

530

OTTO KERNER, Attorney General, (MONTGOMERY S. WINNING, and WILLIAM C. CLAUSEN, of counsel,) for appellants.

BARNET HODES, Corporation Counsel, TOLMAN, CHANDLER & DICKINSON, MARSHALL & MARSHALL, and THOMAS A. MATTHEWS, (MARTIN H. FOSS, J. HERZL SEGAL, FREDERICK DICKINSON, ALEXANDER H. MARSHALL, and ALEX ELSON, of counsel,) for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Suits were filed in the circuit court of Cook county by the appellees, the city of Chicago, and the village of Algonquin, to restrain the appellants, the Director of Finance and the State Treasurer, from requiring the appellees to comply with the provisions of the act known as the Public Utility Tax act and to refund taxes paid by the appellees under protest by reason of the act. A decree having been entered awarding the relief prayed, the appellants bring the causes here for review and they have been consolidated for hearing.

Each of the bills alleges that the complainant therein is a municipal corporation organized under the laws of the State, engaged in supplying, distributing and selling water, gas or electricity to the inhabitants thereof for domestic, commercial and industrial consumption; that the Department of Finance is seeking to require it to pay a tax under the Public Utility Tax act measured by the gross receipts from water, gas or electricity supplied to persons for domestic or commercial consumption and not for re-sale. The defendants, appellants here, filed a motion to dismiss which was overruled and a decree was entered as prayed. The bill charges that the act violates certain sections of the constitution of this State and of the United States. It is also alleged that the act does not apply to municipal corporations. These constitute the principal questions here. Appellees say that the act violates the due process, immunity, special privilege and uniformity clauses of the constitution of this State, denies the equal protection of the laws guar-

anteed by the fourteenth amendment to the constitution of the United States, and that it violates section 13 of article 4 of the constitution governing the title and contents of an act of the General Assembly.

We will consider first whether the act is applicable to municipalities. It is declared by its title to be, "An act in relation to a tax upon persons engaged in the business of transmitting telegraph or telephone messages or of distributing, supplying, furnishing or selling water, gas or electricity." (State Bar Stat. 1935, chap. 120, par. 440, p. 2709.) Section 2 of the act imposes a tax on each public utility at the rate of three per cent of its gross receipts, as defined in the act, derived from the conduct of the business of transmitting telegraph or telephone messages and of distributing, supplying, furnishing or selling water, gas or electricity for domestic or commercial consumption and not for re-sale. Section 1 defines various terms used in the act. By it a "person" is defined to be "any natural individual, firm, * * * or any city, town, county or other political subdivision of this State." The act is thus by its terms made applicable to municipalities.

The appellees say it is not applicable to them because they are not persons engaged in the business of distributing, supplying, furnishing or selling water, gas or electricity; that their business is that of government and that the sale of water, gas or electricity is but incidental thereto; further, that "business" ordinarily means a trade or occupation carried on for profit, while the sale of water, gas or electricity by them is neither attended with profits nor conducted for that purpose and that they act in such sales in their governmental and not proprietary capacity.

The use of the term "person" in statutory enactments has been held to include municipalities. (*People* v. *Deep Rock Oil Corp.* 343 Ill. 388; *Ohio* v. *Helvering,* 292 U. S. 360, 78 L. ed. 1307.) We are unable to concur in the argument of the appellees that cities selling water, gas or elec-

tricity for private consumption cannot be said to be engaged in the business of such selling. A municipal corporation selling gas, water or electricity for private consumption does so in its proprietary rather than governmental capacity. Such is in nowise to be considered the exercise of sovereignty. No distinction is to be drawn between such business of selling when indulged by a municipality and when engaged in by a private corporation. The statutes empowering cities and villages to sell water, gas or electricity for private consumption also permit them to charge therefor not only the cost of production and service but an amount sufficient to pay for such service used by the city itself. Thus the water is sold at a price above its cost and so at a profit. The fact that the city applies such profit to defray what would otherwise be a cost of government in securing the city's needed water, gas or electricity, does not make the business of selling to private consumers less a business conducted at a profit.

Municipalities are created primarily for the exercise of such powers of sovereignty as the General Assembly bestows upon them, and the production of water, gas or electricity for all municipal purposes is within the scope of governmental function, but when a municipality goes into the business of furnishing water for sale through contracts made between it and the consumer, which contract the consumer has an option to make or not, as he pleases, such municipality does so not in the capacity of sovereignty but in a private capacity. (*Sanitary District* v. *Carr,* 304 Ill. 120; *Springfield Gas and Electric Co.* v. *City of Springfield,* 292 id. 236; *Eastern Illinois State Normal School* v. *City of Charleston,* 271 id. 602; *People* v. *Schlitz Brewing Co.* 261 id. 22; *Wagner* v. *City of Rock Island,* 146 id. 139.) "Business" is a very comprehensive term. It has been defined as any particular occupation or employment habitually engaged in expressly for livelihood or gain. *Flint* v. *Stone Tracy Co.* 220 U. S. 107, 55 L. ed. 389.

Nor can we agree with appellees' argument that the title of the act is not sufficiently broad to include municipalities. The rule is that if words used in the title of an act, when taken in any sense or meaning which they will bear, are sufficient to cover the provisions of the act, the act will be sustained though the meaning so given to the words may not be the most obvious or common. (*People* v. *City of Chicago,* 349 Ill. 304.) The title of the act, as we have seen, refers to a tax upon persons and we are of the opinion that the term is sufficient to include provisions of the act imposing the tax, on municipalities for the sale of gas, water or electricity as therein provided. The act is therefore not open to the objection that it violates section 13 of article 4.

We come, then, to other grounds of attack upon the validity of this act. The constitutionality of an act of the General Assembly is a question which is always approached with presumptive validity of the act in mind. Doubt as to its validity is to be resolved in its favor. (*People* v. *McBride,* 234 Ill. 146; *Arms* v. *Ayer,* 192 id. 601; *People* v. *Thompson,* 155 id. 451.) It is urged here that the act violates the uniformity clause of section 1 of article 9 of the constitution in that it imposes a tax for the sale of water, gas or electricity for domestic or commercial uses but not for sale for industrial use. The question on this branch of the case is whether the classification provided in the act is a just and reasonable one or is so arbitrary and unreasonable as to offend the constitutional provisions relied upon by the appellees. The General Assembly may properly select a certain class and impose a tax upon it to the exclusion of all others, provided there is in such discrimination a reasonable basis of difference when considered in relation to the purposes of the act, but the General Assembly may not properly exclude from a classification persons or things which in fact belong to such class. It may not legislate against the fact. (*Winter* v. *Barrett,* 352 Ill. 441.) The following classifications have been sustained: A classifica-

tion of theaters for the purpose of fixing a license fee based on the price of admission, (*Metropolis Theater Co.* v. *City of Chicago*, 246 Ill. 20;) the division of property in inheritance tax acts into classes, based upon the relationship to the deceased of parties inheriting, (*Kochersperger* v. *Drake*, 167 Ill. 122, *Magoun* v. *Illinois Trust and Savings Bank*, 170 U. S. 283, 42 L. ed. 1037;) a classification for purpose of a wheel-tax which excludes motorcycles, tricycles and bicycles, (*Ayres* v. *City of Chicago*, 239 Ill. 237;) or a graduated license tax imposed upon chain stores based on the number of stores in the chain, as was done in Indiana, (*Tax Commissioners* v. *Jackson*, 283 U. S. 527, 75 L. ed. 1248.) Numerous cases have been cited by the appellants where the classification has been sustained as based on a reasonable difference between the things differently classified. The decisions of the courts sustaining or rejecting such classifications are, however, of little assistance unless they be analogous on the facts. The principle involved in all the cases is uniformly announced as the constitutional requirement of reasonableness of the classification. So in *Liggett* v. *Lee,* 288 U. S. 517, 77 L. ed. 929, a Florida statute imposed upon the owner of chain stores in different counties of the State a higher tax than that imposed on the owner of such stores all in one county. Such classification was held to have no reasonable basis, as a classification of such business based on county lines had no foundation in reason or in any facts of business experience. So in *Stewart Dry Goods Co.* v. *Lewis,* 294 U. S. 550, 79 L. ed. 1054, a statute of Kentucky imposing a tax on chain stores, the rate increasing with the increase of gross sales, was held invalid on the ground that it created an arbitrary discrimination against stores with large volumes of sales since there is no reasonable relationship between the privilege enjoyed and the higher tax imposed. In *Winter* v. *Barrett, supra,* the Retailers' Occupation Tax act excluded farm products sold by the producer thereof and motor fuel as

defined by the Motor Fuel Tax law. It was held there was no basis for taking those engaged in the business of selling farm products or motor fuel from the class of retail dealers when they were in fact such dealers.

Is there any reasonable basis for discriminating, for taxing purposes, between sales of water, gas or electricity to industries and those for domestic or commercial uses? If one municipality sells water to consumers for domestic and commercial purposes only, while another sells water to consumers for industrial purposes only, the former is required to pay the tax while the latter is not. Or, assume that two municipalities sell the same amount of water, gas or electricity in a given period of time but one sells a very small per cent of its total sales for industrial purposes while the other, more industrial in its nature, sells all but a very small per cent for such uses. A discrimination arises between these two municipalities greatly favoring the latter. Yet there appears no rational difference between them. Surely such a difference cannot be found in the differing natures of the two municipalities that can be said to bear any relation to the purposes of a taxing statute. It is a matter of common knowledge that some cities are highly industrialized while some are almost wholly residential. The result of the operation of this tax excluding water, gas or electricity from industrial uses, is to impose an unequal burden on those municipalities which have little or no call to supply water, gas or electricity for industrial uses. We are of the opinion that there is no reasonable basis for the classification attempted by the General Assembly and for this reason the act is invalid.

Appellants argue that, in view of the fact that the appellees by their bills admit that they are selling gas, water or electricity both for domestic or commercial uses, and for industrial uses, they are not in a position to complain of the act as it does not injuriously affect them. They aver,

however, that they have paid, under protest, large sums of money as such tax, which they seek to have returned because the act is invalid. Where an act is void any one against whom it is sought to be enforced may attack it on that ground. *People v. McBride, supra.*

Other questions are presented which it is not necessary to here consider. The decree of the circuit court is right and it is affirmed.

*Decree affirmed.*