(No. 3150—

ILLINOIS CENTRAL TELEPHONE COMPANY, A CORPORATION, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1939.*

HOPKINS, SUTTER, HALLS & DEWOLFE, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

The claimant, Illinois Central Telephone Company, a Corporation, seeks an award in the amount of $13,287.42, being the amount paid by it to the respondent during the

period from August 14th, 1935 to January 12th, 1937 inclusive, as a tax on its gross receipts from the transmission of telephone messages pursuant to the provisions of an Act entitled ''An Act in Relation to a Tax Upon Persons Engaged in the Business of Transmitting Telegraph or Telephone Messages, or of Distributing, Supplying, Furnishing or Selling Water, Gas or Electricity,'' approved June 27th, 1935, commonly known as The Public Utility Tax Act (Smith-Hurd Ill. Rev. Stat. 1935, Chap. 120, Sec. 440 et seq.), which Act was declared unconstitutional by the Supreme Court of this State. in the case of *City of Chicago* vs. *Ames*, 365 Ill. 529.

Claimant contends that the payments made by it as aforesaid were made under a mistake of law, and that it is entitled to have the same refunded pursuant to the provisions of Section Six (6) of the aforementioned Public Utility Tax Act, which said Section provides as follows:

"Sec. 6. If it shall appear that an amount of tax, penalty or interest has been paid *which was not due under the provisions of this Act*, whether as the result of a mistake of fact or an error of law, then such amount shall be credited against any tax due, or to become due, under this Act from the public utility which made the erroneous payment, or such amount shall be refunded to such public utility by the department."

The Attorney General has moved to dismiss the claim, and the case now comes before the court on such motion.

In the case of *City of Oglesby* vs. *State*, No. 3097, decided at the November, 1938, term of this court, the facts were similar to the facts in this case, and the same legal questions were involved.

After a full consideration of the record, and the questions raised thereon, we held that the tax in question was paid voluntarily and with a full knowledge of the facts, and that therefore the claimant was not entitled to have the same refunded, and further, that the provisions of the aforementioned Section 6, relative to a refund of taxes paid, by the express terms thereof applied only to cases in which the taxes paid were not due under the provisions of the Public Utility Tax Act. In that case, as in the present case, the taxes paid by the claimant were due under the provisions of the Public Utility Tax Act, and therefore the provisions of said Section 6 could have no application thereto, even if the validity of the law had been upheld by the Supreme Court.

The decision in the City of Oglesby case was followed by this court in the case of *Village of Deerfield* vs. *State,* No. 3223, decided at the May Term, 1939, and in the consolidated cases of *Wabash Telephone Co. et al.* vs. *State,* Nos. 3146, 3147, 3148, 3149, and 3150, decided at the present term of this court.

For the reasons set forth in the aforementioned cases, the motion of the Attorney General must be sustained.

Motion to dismiss allowed.  Case dismissed.