**City of West Frankfort, a Municipal Corporation, Plaintiff-Appellee, v. United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry, Local No. 551, and Harold Crain, Louis Youchoff, Bob McCord, Raymond Good and Phil Koclanes, Defendants-Appellants.**

Gen. No. 64–34.

Fifth District.

November 9, 1964.

Rehearing denied November 28, 1964.

Elmer Jenkins, of Benton for appellants.

Don R. Lucas, of West Frankfort, for appellee.

WRIGHT, JUSTICE.

The plaintiff, City of West Frankfort, filed a complaint in chancery in the Circuit Court of Franklin County against the defendant, United Association of Journeymen and Apprentices of the Plumbing and

Pipe Fitting Industry, Local No. 551 and its business agent, Harold Crain, and four members of the Union, Louis Youchoff, Bob McCord, Raymond Good and Phil Koclanes. The complaint prayed for a temporary and permanent injunction to enjoin the defendants from picketing a certain project being carried on by the plaintiff within the City of West Frankfort, Illinois.

Following a hearing on the complaint January 29, 1964, the court entered its order: "That a Writ of Permanent Injunction be issued restraining the defendant from engaging in and picketing or establishing or continuing picket lines and pickets or displaying signs saying, in effect, that the City of West Frankfort is unfair to labor or from preventing or interfering with the free and lawful ingress and egress from any area, wherein the employees of said water utility and the City are maintaining, operating, or otherwise engaged in work which has been duly authorized by said plaintiff for the benefit of the citizens of the City." From this order defendants appeal.

At the time of the occurrence in question, the City of West Frankfort operated a water utility consisting of two lakes, a filtration plant, water tank and filtration system, which supplied water to the City of West Frankfort. The City maintained all water supply mains and repaired the valves and pipe connections.

The record reveals that prior to the inauguration of the present administration of the City of West Frankfort, in May 1963, the City had employed licensed, skilled, union plumbers to perform plumbing work in connection with maintenance of the water utility system. After the present administration assumed office in May 1963, the City began using its regular em-

ployees of the water and sewer utility system, none of whom belonged to the defendant local, but instead were members of the Hod Carriers Union and were not licensed plumbers or pipe fitters.

On December 2, 1963, defendant, Harold Crain, business agent for the defendant union, appeared before the City Council of the City of West Frankfort, and also spoke with the Mayor and with the City Clerk and Superintendent of the water utility system of the City of West Frankfort. He advised the plaintiff's city officials to use licensed union plumbers and if they did not that any work in the future would be picketed. The City administration refused this request.

On December 5, 1963, the plaintiff City was in the process of installing one thousand feet of six-inch cast iron water line at a cost of approximately $10,000. At the intersection of Sommers and Madison Streets, employees of the City were in the process of laying a water line in a ditch on the City street right-of-way, which particular line was being laid to service one of the Franklin County Housing Authorities areas and to service some residences which were at that time connected to a two-inch line which was in bad condition. This work was being done by four employees of the plaintiff City, none of whom were licensed plumbers or belonged to the defendant local, but instead were members of the Hod Carriers Union. On the morning of December 5, 1963, defendants, Louis Youchoff and Harold Crain and four members of the defendant local union went to the site of the water line construction in question and when the city employees arrived to work on the water line, the defendants began walking along the pipeline ditch carrying signs bearing the following legend:

CITY OF WEST FRANKFORT

ARE NOT EMPLOYING

UNION

Plumbers or Pipe fitters

ON THIS JOB

U. A. Local No. 551

A. F. of L.–C. I. O.

This picket is for the purpose of organization
and invite employees to join their A. F. of L.
CRAFT UNION.

When plaintiff's employees observed the pickets and
signs they voluntarily decided not to cross the picket
line or work. The evidence is undisputed that the
picketing of the plaintiff's work was peaceable and
that there were no acts of physical violence or threats
of violence, loud noises, unusual clothing or firearms
displayed.

After the employees of the plaintiff City left this
job, the present suit for injunction against the de-.
fendants was filed. Subsequent to the filing of the
complaint, the City and the defendant, Union No. 551,
agreed that pending the outcome of this litigation in
the trial court, the City would not attempt to accom-
plish further work on the installation of the water main
and the Union members would refrain from further
carrying of signs.

It is the contention of the plaintiff City of West
Frankfort that in the operation of its water utility,
it does not stand in the same category or on the same
ground as a private corporation and argues from that

211

premise that defendants have no right to picket the City. With this contention, we cannot agree.

■ A municipal corporation selling water for private consumption does so in its proprietary rather than governmental capacity. No distinction is to be drawn between such business of selling when indulged in by a municipality and when engaged in by a private corporation. City of Chicago v. Ames, 365 Ill 529, 7 NE2d 294. In Baltis v. Village of Westchester, 3 Ill2d 388, 121 NE2d 495, the rule is well stated as follows:

> ". . . a municipal corporation owning and operating a water system and selling water to individuals, although engaged in a public service, does so in its business or proprietary capacity, not in any governmental capacity, and no distinction is to be drawn between such business whether engaged in by a municipality or by a private corporation."

■ In view of the foregoing principles of law, we conclude that the City of West Frankfort in the operation of its water utility does so in the same category as a private corporation and is no more immune from peaceful picketing than is a private corporation.

■■ The Illinois Supreme Court and the Supreme Court of the United States have held that the Constitutional guarantee of freedom of speech justifies and insures to working men the right of peaceful picketing as a means of communicating their complaints. Ellingsen v. Milk Wagon Drivers' Union Local No. 753, 377 Ill 76, 35 NE2d 349; American Federation of Labor v. Swing, 312 US 321; Thornhill v. Alabama, 310 US 88; Dinoffria v. International Brotherhood of Teamsters & Chauffeurs Local Union No. 179, 331 Ill App 129, 72 NE2d 635. It is equally well settled that the right to picket peacefully in labor

212

disputes is not to be restricted to cases involving the relationship of employer-employees, and that any attempt to restrict peaceful picketing where the subject matter of the dispute contains elements of common interest is in violation of the right of free speech as guaranteed by the Fourteenth Amendment to the United States Constitution. Baker v. Retail Clerks' International Protective Ass'n, 313 Ill App 432, 40 NE2d 571.

It was admitted by the plaintiff and accepted by the trial court as a fact that the defendants were picketing in a perfectly peaceable manner. The record is completely clear that at no time did the pickets attempt to stop the work or stop the City employees from working on the project. In Plaintiff's brief, filed herein, it is admitted, "in the picketing of the plaintiff's work it is agreed that there was no act of physical violence or threats of violence, loud noises, unusual clothing, or firearms."

█ The signs carried by the pickets notified the public that the City of West Frankfort was not using Union plumbers or pipe fitters on that particular job and invited the City employees to join defendant's Union. The picketing obviously was for the purpose of informing the people of the City of West Frankfort that the plaintiff City in the operation of its water utility system was not employing union plumbers or pipe fitters on the job in question, and for the further purpose of persuading employees to join their Union and such purposes are not illegal and against the public policy of the State of Illinois. Simmons v. Retail Clerks International Ass'n, 5 Ill App2d 429, 125 NE2d 700.

An injunction to restrain picketing such as in the instant case, we believe, does violence to defendants' constitutional safeguards of freedom of speech.

It is not necessary to consider or pass on the other points raised.

For the reasons herein stated, the judgment order of the Circuit Court of Franklin County is reversed and remanded with directions to dissolve the injunction.

Reversed and remanded with directions.

DOVE, P. J. and REYNOLDS, J., concur.