THE METROPOLITAN SANITARY DISTRICT OF GREATER CHICAGO, Plaintiff-Appellee, v. EDWARD J. ROSEWELL, Treasurer of Cook County, *et al.*, Defendants-Appellants.

First District (4th Division)   Nos. 84—651, 84—747 cons.

Opinion filed May 9, 1985.

Richard M. Daley, State's Attorney, of Chicago (Jane Clark Casey and

David S. Martin, Assistant State's Attorneys, of counsel), for appellants.

Allen S. Lavin, of Chicago (Michael G. Rosenberg and James B. Murray, of counsel), for appellee.

JUSTICE LINN delivered the opinion of the court:

Plaintiff, Metropolitan Sanitary District of Greater Chicago, brought an action against defendants, Cook County tax officials, seeking to enjoin defendants from taking any action to collect delinquent real estate taxes assessed on certain property owned by plaintiff. The trial court granted the injunction, and defendants appeal.

On appeal, defendants make two contentions: (1) that the property in question was not used exclusively for public purposes within the meaning of the Revenue Act of 1939 and thus is not exempt from real estate taxation; and (2) that a tax lien against property owned by a municipal corporation may be collected pursuant to a tax sale under the Revenue Act.

We affirm the decision of the trial court.

BACKGROUND

Plaintiff, Metropolitan Sanitary District of Greater Chicago, a municipal corporation, filed a complaint against defendant tax officials, seeking a decree extinguishing all general real estate taxes on certain property owned by plaintiff. The complaint further sought to enjoin defendants from attempting to collect general real estate taxes for tax years 1978 through 1980 and from offering the tax lien against the property at a tax sale.

Plaintiff acquired the property in 1913 through condemnation proceedings in order to perform its corporate functions. The property consists of 72 acres of land bordering on the Cal-Sag channel and is crossed by numerous drainage ditches, pipes, drains, and other utilities necessary to plaintiff's corporate functions. Plaintiff is also required by statute to widen the Cal-Sag channel when necessary, and the property is part of plaintiff's right-of-way for the channel.

From 1913 to 1955, the property remained vacant and unimproved, and no real estate taxes were assessed against plaintiff's apparently tax-exempt ownership. In 1955, plaintiff granted a 50-year lease to the property to Harlem Avenue Petroleum Warehouse, Inc., and caused the property to be placed on the Cook County tax rolls. The lease required the tenant to pay, in addition to rent, any real estate taxes on the demised premises, and reserved·in plaintiff the right to enter on the land for its corporate purposes.

From 1955 to 1977, the tenant paid the real estate taxes assessed on the property by defendants. In 1978, the tenant defaulted on both the taxes and the rent due. Plaintiff immediately instituted a forcible detainer action which resulted in a judgment returning possession of the property to plaintiff in February 1980.

Plaintiff filed the instant case to prevent the possibility that the unpaid taxes would lead to a tax sale of the property in question. In February 1984, the trial court issued an opinion and order holding that all real estate tax delinquencies and forfeitures incurred against the property from 1978 to 1981 were vacated and held for naught, that all liens against the ownership of the property were extinguished and discharged, and that defendants were permanently enjoined from taking any actions to collect from plaintiff the general real estate taxes extended on the property from 1978 through 1981. This appeal followed.

OPINION

We first consider defendants' contention that the trial court erred in its holding that, although the leasehold interest was taxable, plaintiff's fee interest in the property was tax-exempt under the Revenue Act of 1939.

■ It is clearly the rule in Illinois that all real property in the State is subject to taxation unless specifically exempted by statute. (*Rogers Park Post No. 108, American Legion v. Brenza* (1956), 8 Ill. 2d 286, 289-90, 134 N.E.2d 292.) Statutes which grant tax exemptions are strictly construed in favor of taxation and against the taxpayer. (*Christian Action Ministry v. Department of Local Government Affairs* (1978), 74 Ill. 2d 51, 62, 383 N.E.2d 958.) To that end, every presumption is against the intention of the State to exempt property from taxation (*Telco Leasing, Inc. v. Allphin* (1976), 63 Ill. 2d 305, 310, 347 N.E.2d 729), and the burden is on the party seeking the exemption to clearly and convincingly prove that it is within the contemplation of the statute. *In re Cook County Collector* (1976), 41 Ill. App. 3d 633, 635, 354 N.E.2d 507.

■ Section 19.9 of the Revenue Act of 1939 (Ill. Rev. Stat. 1981, ch. 120, par. 500.9) expressly exempts from taxation "[a]ll *** public grounds owned by a municipal corporation and used exclusively for public purposes ***." It is well settled that for municipal corporation property to fit within this exemption, it is incumbent upon the corporation to conclusively show that the property, in fact and in law, is used for exclusively public purposes. (*People ex rel. Carr v. Sanitary District* (1922), 304 Ill. 120, 123, 136 N.E. 479.) Defendants maintain

that plaintiff's leasing of the property in question to a private concern for commercial purposes defeats the exemption provided by this section. We disagree.

In construing section 19.9, the courts of this State have consistently recognized that property owned by municipal corporations can be put to dual use. That is, a municipal corporation may use a portion of its property for private purposes, while at the same time using a portion of the property for its public functions. In such a case, if the primary and substantial use of the property is for a public purpose, an incidental or occasional use for private purposes does not deprive the property of its tax-exempt character. *People ex rel. Carr v. Sanitary District* (1923), 307 Ill. 24, 27, 138 N.E. 209.

Two distinct situations have arisen from the application of this principle. In the first situation, an identifiable portion of the property may be exempt, while the remainder is taxable if it is used primarily for nonpublic purposes or is not used at all. (*City of Mattoon v. Graham* (1944), 386 Ill. 180, 53 N.E.2d 955.) In the second situation, the property as a whole, or in unidentifiable portions, is used both for an exempt purpose and a nonexempt purpose. In that situation, the property will be wholly exempt only if the exempt use is primary and the nonexempt use is incidental. (*Illinois Institute of Technology v. Skinner* (1971), 49 Ill. 2d 59, 66, 273 N.E.2d 371.) It is this second situation that has arisen in the case at bar.

Application of the above rules to this case leads to the conclusion that the trial court properly determined that the property in question remained tax exempt during the term of the lease. It is clear that from 1913 until 1955, the property was exempt from taxation. The land was being used by plaintiff both as a right-of-way for the Cal-Sag channel and for plaintiff's drainage functions, which in both fact and law are exclusively public purposes. (*Sanitary District v. Hanberg* (1907), 226 Ill. 480, 484, 80 N.E. 1012.) The leasing of the property in 1955 in no way interfered or lessened plaintiff's use of the property for its corporate purposes. Indeed, plaintiff retained in the lease the right to interfere with the lessee's possession if performance of its corporate functions so required. Moreover, during the period of the leasehold, the property remained vacant and unimproved. In light of these facts, we believe that the lease was merely an incidental use which did not alter the property's tax-exempt character.

Our determination that the trial court properly found the property in question exempt from taxation makes it unnecessary to address defendants' contention that the property could be sold at a tax sale to satisfy the delinquency.

Accordingly, for the foregoing reasons, the order of the trial court is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.