DEPAUL UNIVERSITY, INC., Plaintiff-Appellant, v. EDWARD J. ROSE-WELL, County Treasurer and *Ex Officio* Collector of Cook County, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 87—2295

Opinion filed November 16, 1988.

Schmidt & Salzman, Ltd., of Chicago (Steven A. Salzman, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Joan S. Cherry, Mark R. Davis, and Harry Brice, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE WHITE delivered the opinion of the court:

Plaintiff DePaul University brought an action seeking relief from real estate taxes under a statutory exemption for school property. The trial court denied the exemption, and plaintiff appeals.

The property in question consists of nine outdoor tennis courts and a clubhouse and locker room building owned by DePaul and also used by the Fullerton Tennis Club. According to the agreement between DePaul and Fullerton, the club paid an annual fee for use of the property; the fee was $20,000 at the beginning of the agreement and eventually rose to $32,000. Fullerton also agreed to insure the property and maintain the courts. DePaul's use of the courts was limited by the agreement to a fixed number of total hours and to specific times of day. DePaul used its time for physical education classes and for its tennis teams. Other DePaul students could use the courts on the same basis as any person: by paying a fee to Fullerton. Additional court time could be allotted to DePaul only at Fullerton's discretion

and only upon DePaul's payment of a fee.

■■ The Revenue Act of 1939 (Ill. Rev. Stat. 1987, ch. 120, par. 500.1) exempts from taxation "real estate on which the schools are located and any other real property used by such schools exclusively for school purposes, not leased by such schools or otherwise used with a view to profit." In the instant case, the trial court ruled that the property did not qualify for the school exemption.

■■ ■ DePaul contends that the property was used "exclusively for school purposes" because Fullerton's use did not interfere with court use by university tennis teams and physical education classes, and cites as support for this contention *Metropolitan Sanitary District v. Rosewell* (1985), 133 Ill. App. 3d 153, 478 N.E.2d 1100. In that case, this court, in reviewing a claim for an exemption under a statute which parallels the school property provision, noted that a lease of public land had not interfered with its exempt public use. (133 Ill. App. 3d at 156.) That notation did not end the court's analysis, however. The court followed the well-established principle that a property used for more than one purpose, to qualify for an exemption, must be used primarily for an exempt purpose and only incidentally for a nonexempt purpose. (*Illinois Institute of Technology v. Skinner* (1971), 49 Ill. 2d 59, 66, 273 N.E.2d 371.) Since DePaul does not claim that Fullerton's use of the property would qualify for the exemption, the property qualifies only if DePaul's use for school purposes was the primary use. The defendant county officials contend, and DePaul does not dispute, that the agreement allows DePaul far less actual court time than Fullerton. We believe that this fact, not whether DePaul uses the courts as much as it wishes, determines which use is primary. We conclude that the trial court was correct in finding that Fullerton's use was primary.

■■ Furthermore, the substantial sums paid by Fullerton for use of the courts lead us to agree with the trial court's finding that the property was used with a view to profit. DePaul responds that the fees were applied to the university tennis program, which operates at a deficit and which the defendants do not deny is a proper school function. This response has previously been addressed by our supreme court:

> "Educational institutions, particularly of the higher order, are not organized for profit, and the application of the revenues derived from property owned by such an institution to school purposes will not exempt the property producing the revenues from taxation unless the particular property itself is devoted exclusively to such purposes. *** [I]f property, however owned,

is let for a return, it is used for profit and so far as its liability to the burden of taxation is concerned, it is immaterial whether the owner actually makes a profit or sustains a loss." (*Turnverein "Lincoln" v. Board of Appeals* (1934), 358 Ill. 135, 143-44, 192 N.E. 780.)

We believe that the foregoing conclusively disposes of DePaul's assertion that the property was not used with a view to profit.

Because the property was not used primarily for school purposes, and because it was used with a view to profit, the trial court was clearly correct in denying an exemption under section 19.1. The judgment of the circuit court of Cook County is affirmed.

Affirmed.

RIZZI and FREEMAN, JJ., concur.